J-S11023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :         PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| ROBERT JAMES LYONS | : |
| | : |
| Appellant | :   No. 1099 WDA 2025 |
| | : |

Appeal from the PCRA Order Entered August 12, 2025
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000383-2019

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:           **FILED: June 9, 2026**

Appellant, Robert James Lyons, appeals *pro se* from the post-conviction court's August 12, 2025 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  After careful review, we affirm.

The facts underlying Appellant's convictions are not germane to our disposition of his instant appeal.  The PCRA court summarized the pertinent procedural history, as follows:

On March 18, 2021, [Appellant] pled guilty and was sentenced to one count of aggravated indecent assault, 18 Pa.C.S.[] [§]

---

[1] We note the PCRA court's order was time-stamped as filed on August 11, 2025, but was not entered on the docket until August 12, 2025.  It is well-settled that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." ***Commonwealth v. Nicoletti***, 328 A.3d 85, 90 (Pa. Super. 2024), *appeal denied*, 345 A.3d 617 (Pa. 2025) (citation omitted).

3125(a)(7), a felony of the second degree, and one count of corruption of minors, 18 Pa.C.S.[] [§] 6301(a)(1)(ii), a felony of the third degree. For the offense of aggravated indecent assault, [Appellant] was sentenced to a period of incarceration of not less than 60 months nor more than 120 months. For the offense of corruption of minors, [Appellant] was sentenced to a period of incarceration of not less than 21 months nor more than 48 months, consecutive to the sentence imposed for the offense of aggravated [indecent] assault. [Appellant] did not file a direct appeal.

On September 30, 2024, [Appellant] filed … [a *pro se* PCRA] petition[,] … along with a motion for court[-]appointed counsel. [Appellant's] petition includes averments that his sentence was excessive due to the "consecutive application of the sentences[;]" … the court "erred in appointing new counsel to [Appellant] after [he] fired … Gary Knaresboro[, Esquire,] because he did not feel his attorney was representing him to the best of his ability[;]" … no forensic evidence or signs of sexual assault [were] found on the victim[;] … [Appellant's] police interview was not knowing, voluntary, or intelligent[;] … [Appellant] passed a polygraph test[;] … [Appellant] wished to go to trial on his charges, but … he was informed by his attorney that if he did, … the jury would automatically believe the victim[;] … [Appellant] was told by his attorney … the Commonwealth refused to let the victim testify[;] and … had … [Appellant] had sexual intercourse with the victim, she would have displayed significant injuries.

… Stacy Parks[, Esquire,] was appointed to represent [Appellant] by order dated October 7, 2024. On January 17, 2025, Attorney Parks filed a motion to withdraw as counsel along with a **Turner**[**/**]**Finley** no-merit letter.[2] The motion to withdraw was granted by order dated January 22, 2025, along with a [Pa.R.Crim.P. 907] notice that [Appellant's PCRA] petition … would be dismissed. [Appellant] attempted to appeal the notice to the Superior Court, however the appeal was quashed as premature on April 25, 2025. [**See Commonwealth v. Lyons**, No. 184 WDA 2025 (Pa. Super. filed Apr. 25, 2025) (*per curiam* order quashing appeal as interlocutory).]

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> On May 9, 2025, [Appellant] filed an additional pleading entitled[,] "Motion for Reconsideration of Sentence," containing substantially the same averments as in [Appellant's] original petition. Consequently, [the] court … construe[d Appellant's] motion as an additional [PCRA] petition…. "It is … well-settled that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Com**[**monwealth**] **v. Fowler**, 930 A.2d 586, 591 (Pa. Super. [] 2007) [(internal quotation marks omitted)].
>
> Finally, on June 2, 2025, [Appellant] filed what he terms an "updated/amended" [PCRA] … petition, wherein he included case law to support his claims for relief.
>
> On June 6, 2025, this court vacated the portion of the January 22, 2025 [Rule 907 order] that gave [Appellant] notice that his PCRA petition would be dismissed[,] and referred the pending PCRA petition and subsequent motion to a senior judge for consideration.

Rule 907 Notice, 7/7/25, at unnumbered 1-2 (unnecessary capitalization omitted).

On June 20, 2025, Appellant filed additional *pro se* documents, including another PCRA petition, a "Motion to Set Evidentiary Hearing," and a "Post-Sentence Motion/Motion to Show Cause[,]" which the PCRA court construed as amended PCRA petitions. **See id.** at unnumbered 2. On July 7, 2025, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition, and all amendments thereto, without a hearing on the basis they were "all manifestly untimely." **Id.** Appellant filed a *pro se* response, but on August 12, 2025, the court issued an order denying his petition on the basis

it was untimely. Appellant filed a timely, *pro se* notice of appeal, and he and the court complied with Pa.R.A.P. 1925.[3, 4]

Herein, Appellant states seven issues for our review, which we reorder for ease of disposition:

---

[3] In its Rule 1925(a) opinion, the court stated it was relying on the discussion set forth in its July 7, 2025 Rule 907 notice, as well as its order denying Appellant's petition, in which the court addressed Appellant's *pro se* response to the Rule 907 notice, discussed *infra*. **See** PCRA Court Opinion, 12/23/25, at unnumbered 1.

[4] For some reason, the trial court docket lists the court's June 6, 2025 order as "Order Denying *Pro Se* Petition for Post-Conviction Relief." However, the language of that order clearly states "the portion of the court's January 22, 2025 [order] that gave notice to [Appellant] of this court's intent to dismiss [his] PCRA petition is hereby vacated[,]" and refers his September 30, 2024 petition, and his May 9, 2025 amended petition, "to a senior judge for consideration." Order, 6/6/25, at unnumbered 1 (unnecessary capitalization omitted). Because the docket incorrectly listed this order as denying Appellant's petition, his *pro se* filings on June 20, 2025, appeared to be subsequent PCRA petitions that were improperly filed prior to the expiration of the time for seeking review of the June 6, 2025 order purportedly denying Appellant's first petition. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding a petitioner is precluded from filing a subsequent PCRA petition until review of the pending PCRA petition is resolved "by the highest state court in which review is sought, or upon the expiration of the time for seeking such review"). Accordingly, on November 21, 2025, this Court issued a rule to show cause why the appeal should not be quashed pursuant to **Lark**. On December 11, 2025, and December 15, 2025, Appellant filed *pro se* responses to the show cause order. On January 6, 2026, this Court entered an order informing the parties that the issue raised in the rule to show cause order would be referred to the instant merits panel. As we now determine the docket entry for the June 6, 2025 order was incorrect, and that order did not deny Appellant's prior PCRA petition, we conclude there was no violation of **Lark** by the court's considering Appellant's June 20, 2025 petitions as amendments of his then-still-pending petition filed on September 30, 2024.

A. Whether claims of actual innocence and governmental interference can be lawfully waived or time-barred in state or federal court?

B. Whether there was forensic (DNA) evidence, touch DNA evidence[,] or signs of sexual assault found on the victim in this case to support that Appellant committed the alleged crimes?

C. Whether the court erred in failing to appoint new counsel when Appellant fired Attorney … Knaresboro, … who was not willing to argue the issues … Appellant wanted argued[,] which included governmental interference?

D. Whether the … [trial court committed] an abuse of discretion and erred in telling Appellant that once sentenced he could not file an appeal or … PCRA[] petition?

E. Whether … Appellant[']s interview with the Pennsylvania State Police (PSP) was knowingly, voluntarily[,] or intelligently given?

F. Did the … PCRA[] court commit reversible error[] or abuse its discretion as a matter of law by denying … Appellant[']s … PCRA[] petition without conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907[] [or Pa.R.Crim.P.] 908?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the

judgment of sentence becomes final, unless one of the following exceptions

set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires any

petition attempting to invoke one of these exceptions "be filed within one year

of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on April 19, 2021,

following the expiration of the thirty-day time-period for filing a direct appeal

with this Court.[5] **See** 42 Pa.C.S. § 9545(b)(3) (stating a judgment of sentence

_____

[5] The thirtieth day after March 18, 2021, was Saturday, April 17, 2021, making Monday, April 19, 2021, the date by which a timely notice of appeal would have had to be filed. **See** Pa.R.J.A. 107(b) ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal

*(Footnote Continued Next Page)*

becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (requiring a notice of appeal to "be filed within 30 days after the entry of the order from which the appeal is taken"). Thus, Appellant's *pro se* PCRA petition filed on September 30, 2024, was patently untimely, and we are without jurisdiction to review the merits thereof unless he pleads and proves one of the timeliness exceptions applies.

Appellant has not met this burden. In his first issue, Appellant alleges "[c]laims of actual innocence and governmental interference cannot be lawfully waived[,]" seemingly suggesting the PCRA's timeliness requirements do not apply. Appellant's Brief at 9. However, we have made clear that a claim of actual innocence is not sufficient, in and of itself, to overcome the PCRA's time-bar. *See Commonwealth v. Brown*, 143 A.3d 418, 420-21 (Pa. Super. 2016) (rejecting Brown's argument that it is unconstitutional to apply the PCRA's time-bar to a claim of actual innocence); *Commonwealth v. Jordan*, No. 778 EDA 2025, unpublished memorandum at 23 (Pa. Super. filed Mar. 20, 2026) (concluding that, under *Brown*, Jordan's "bald claim of his actual innocence fails to establish any PCRA time-bar exception, and thus, the court lacked jurisdiction to address it") (footnote omitted).[6]

_____

holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."); Pa.R.A.P. 107 (effective Jan. 1, 2024) ("In the construction of the Pennsylvania Rules of Appellate Procedure, the principles set forth in Pa.R.J.A. 104 to 115 shall be observed.") (footnote omitted).

[6] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

In terms of his reference to governmental interference, Appellant does not explain how or why "his failure to raise the claim previously was the result of interference by government officials with the presentation of the claim[,]" as necessary to establish the governmental-interference exception to the PCRA's one-year time-bar. 42 Pa.C.S. § 9545(b)(1)(i). Instead, Appellant appears to argue governmental interference was exhibited through various actions by the Commonwealth, trial court, and Attorney Knaresboro. According to Appellant, this purported 'governmental interference' includes: the Commonwealth's charging and prosecuting him, despite a lack of evidence that he committed any crimes (Issue B), *see* Appellant's Brief at 11-13; the trial court's failing to appoint him new counsel after "Appellant attempted to terminate the services of Attorney … Knaresboro" because counsel refused "to argue [g]overnmental [i]nterference" and effectively coerced Appellant into pleading guilty (Issue C), *see id.* at 14-16; the trial court's ostensibly telling Appellant "he could not file an appeal or … PCRA[] petition after entering a guilty plea and being sentenced[,]" (Issue D), *see id.* at 17-18; and the police inducing Appellant's statement, which was involuntary (Issue E), *see id.* at 21-22.

Notably, Appellant does not explain how these claims meet the governmental-interference exception to the PCRA's one-year time-bar. 42 Pa.C.S. § 9545(b)(1)(i). Moreover, even if these allegations by Appellant amounted to 'governmental interference' in some way, he could not prove he raised these issues within one year of discovering them as required by section

9545(b)(2). Appellant was obviously aware of these purported actions by the Commonwealth, trial court, police, and Attorney Knaresboro at the time he pled guilty and was sentenced in 2021. Thus, he cannot assert these issues for the first time in a PCRA petition filed in 2024.[7] Accordingly, Appellant's first six issues fail to meet any timeliness exception.

Given this conclusion, Appellant's seventh issue, arguing the court should have conducted an evidentiary hearing, is meritless. Because Appellant's petition is untimely and he has failed to plead the applicability of any timeliness exception, the court lacked jurisdiction to consider his claims and no hearing was warranted.

Order affirmed.

_____

[7] Additionally, even if Appellant could meet a timeliness exception, most of his claims (aside from his suggestion that Attorney Knaresboro acted ineffectively and coerced him into pleading guilty) would be deemed waived based on Appellant's failure to raise them in an appeal from his judgment of sentence. *See* 42 Pa.C.S. § 9543(a)(3) (stating to be eligible for PCRA relief, the petitioner must prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (declaring "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/9/2026